UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES FOR THE MASON TENDERS COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND, and TRAINING PROGRAM FUND, and
ROBERT BONANZA, as Business Manager of the
MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK,

                Petitioners,

   -against-

ESHGH, LLC,

                Respondent.
-----------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/13
```

13 Civ. 6140 (PKC)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

       This is an action under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, sections 502(g) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm an arbitration award rendered by Robert Herzog on September 1, 2013 (the "Award"). Petitioners, the trustees for the Mason Tenders Council Welfare, Pension, Annuity, and Training Program Funds (the "Funds") and Robert Bonanza, business manager and representative for the Mason Tenders District Council of Greater New York (the "Union"), seek to confirm the Award, which ordered defendant ESHGH, LLC ("ESHGH") to pay the Funds $78,580.67 in delinquent benefit fund contributions and union dues, current interest, liquidated damages, costs, and fees for the period of February 20, 2009 through December 2009. To date, ESHGH has not opposed the petition or otherwise appeared in this action. For the reasons set forth below, petitioners' motion is GRANTED.

BACKGROUND

Because defendant neither appeared at the arbitration hearing nor responded to the instant motion, the following facts are uncontested. Each of the Funds is an employee benefit plan as defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. § 10012(37)(A). (Decl. of Haluk Savci., Dkt. No. 6, at ¶ 3) ESHGH, a New York corporation, entered into a Collective Bargaining Agreement ("CBA") with the Union that was effective from July 1, 2008 through June 30, 2011. (Savci Decl., Ex. 1 at 37-39) Farrokh Mazdeyasha, President of ESHGH, signed the CBA on behalf of the company. Id. at 39. The CBA sets forth the terms and conditions of employment for all covered employees, and requires ESHGH to pay contributions to the Funds and union dues at rates set forth therein. (Savci Decl. at ¶ 7)

Each of the Funds is administered pursuant to one or more Trust Agreements. (Savci Decl. at ¶ 3; Ex. 2). Further, each of the funds has adopted a set of arbitration procedures and rules (the "Arbitration Procedures") to govern audit and delinquency disputes with employers. (Savci Decl. at ¶ 6; Ex. 3) All of these documents are incorporated by reference into the CBA at article VI, section 15(i). (Savci Decl. at ¶ 8; Ex. 1 at 22) The Trust Agreements for the Pension, Annuity, and Welfare Funds vest the trustees of the Funds with the power to demand, collect, and receive employer contributions and set forth procedures for the collection of contribution delinquencies. (Savci Decl. at ¶ 9; Ex. 2) Sections 9.8 and 9.9 of article IX of each Trust Agreement provide that, in a successful legal action for unpaid contributions commenced by the Funds, ESHGH shall pay all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages,

attorneys' fees and costs of the action, and any other legal or equitable relief deemed appropriate. (Savci Decl. at ¶ 10) On behalf of the Union, the Funds also collect dues and PAC contributions voluntarily authorized by employees.

After notifying ESHGH of delinquencies discovered in audits of the company and unsuccessfully seeking payment, on June 13, 2012 the Funds forwarded a notice of intent to arbitrate, together with a copy of the Arbitration Procedures, to ESHGH. (Savci Decl. at ¶ 14) The audits were based on an examination of ESHGH's books and records performed by the Funds' auditors, as authorized under the CBA and Trust Agreements. Id. On June 27, 2012, arbitrator Robert Herzog sent notice to the Funds and ESHGH scheduling an arbitration hearing for August 28, 2012. Id. ESHGH did not appear at the hearing, which accordingly proceeded as a default hearing. Id. at ¶ 15. The Funds presented as evidence the audit reports prepared by the Funds' auditors, as well as the testimony of Dominick Giammona, who serves as the Funds' Contribution Deficiency Department Manager. Mr. Giammona testified as to the results of the audits, stating that they uncovered delinquencies in ESHGH's contributions to the Funds during the period of February 20, 2009 through December 29, 2009. (Savci Decl., Ex. 6 at 3-4) He further testified that notice of the delinquencies had been sent to ESHGH, that ESHGH failed to comply with a subsequent payment demand, and that the Funds sent a notice of intent to arbitrate to ESHGH as a result. Id.

Based on the evidence presented at the hearing, on September 1, 2012 arbitrator Herzog issued an "Opinion and Default Award" finding ESHGH delinquent under the terms of the CBA and the Funds' trust agreements. Id. at 4. Mr. Herzog ordered ESHGH to pay $78,580.67 in delinquent contributions to the Funds, liquidated damages, legal, audit, and arbitration costs and fees with interest accruing at the statutory rate from the date of the award.

Id. at 4-5.  Upon receipt of the Award, plaintiffs made a demand for payment on ESHGH; no payments were made, and ESHGH has not moved to challenge the arbitration award.  (Savci Decl. at ¶ 16)

Plaintiffs timely commenced this action on August 30, 2013.  Defendant was duly served, failed to timely answer the complaint, and has not otherwise appeared in this action.

LEGAL STANDARD

"Section 301 of the LMRA provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998).  Under section 9 of the FAA, where parties have agreed that a court may enter judgment upon an award made pursuant to an arbitration proceeding between them, any such party may apply for an order confirming the award.  9 U.S.C. § 9.  Such an application must be made within one year of the arbitrator's rendering of the award and, absent contractual provisions to the contrary, may be made to the United States District Court in which the award was made.  Id.[1]

The Second Circuit has held that "default judgments in confirmation . . . proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

> Rather, the petition and accompanying record should[] be[] treated
> as akin to a motion for summary judgment based on the movant's

---

[1] The Second Circuit has held that the FAA does not apply to cases brought under Section 301 of the LMRA.  Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. Of Teamsters, 242 F.3d 52, 53 (2d Cir. 2001).  Nevertheless, plaintiffs' claims are also brought under ERISA, and the FAA may apply to ERISA-based claims.  In any event, even in cases where the FAA does not apply, federal courts may look to it for "guidance in labor arbitration cases." United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc., 484 U.S. 29, 40 n. 9 (1987).

> submissions. To be sure, the [defendants] failed to respond, but
> the lack of a response does not justify a default judgment because,
> even where a non-moving party fails to respond to a motion for
> summary judgment, a court "may not grant the motion without first
> examining the moving party's submission to determine if it has
> met its burden of demonstrating that no material issue of fact
> remains for trial. If the evidence submitted in support of the
> summary judgment motion does not meet the movant's burden of
> production, then summary judgment must be denied <u>even if no
> opposing evidentiary matter is presented</u>."

<u>Id.</u> at 109-10 (quoting <u>Vermont Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004)) (emphasis in original). Accordingly, the Court treats the Fund's motion as an unopposed motion for summary judgment to confirm an arbitration award.

Summary judgment may not be granted unless all the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56, Fed. R. Civ. P. A dispute about a fact is material if it "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

The burden of demonstrating the absence of an issue of material fact rests on the moving party, and the Court must view all facts in the light most favorable to the non-moving party. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Sista v. CDC Ixis N. Amer., Inc.</u>, 445 F.3d 161, 169 (2d Cir. 2006). Nonetheless, in the case of a motion to confirm an arbitration award, the burden is not difficult to meet: confirmation of an arbitral award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." <u>D.H. Blair</u>, 426 F.3d at 110 (internal citations omitted).

"The court's function in confirming or vacating an arbitration award is severely limited." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (internal quotations omitted). The arbitrator's "rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair & Co., 462 F.3d at 110 (internal quotations omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." Id.

ANALYSIS

Applying the foregoing principles, petitioners have adequately demonstrated that there is no genuine issue of material fact precluding summary judgment confirming all portions of the Award. Through their documentary submissions and declaration, petitioners have proven the existence of an agreement to arbitrate between the Funds and ESHGH. (Savci Decl. at ¶ 7; Ex. 1 at 39) The CBA was in effect from July 1, 2008 through June 30, 2011, covering the entirety of the period during which the claimed deficient contributions arose. (Savci Decl., Ex. 1 at 37-39) The CBA includes an arbitration provision, and further expressly incorporates the Trust Agreements and Arbitration Procedures. (Savci Decl. at ¶ 8; Ex. 1 at 22, 32) The Trust Agreements permit representatives of the Funds to audit employers, to file enforcement actions to recover any delinquencies, and to recover unpaid contributions, interest, liquidated damages, lawyers' fees, and costs and expenses.[2] The Arbitration Procedures specifically apply to disputes

---

[2] Plaintiffs submitted only a single page from the body of each of the Trust Agreements. Section 9.9 of each Trust Agreement, which sets forth the amounts payable to the Funds in a legal action to recover unpaid contributions, continues onto the following page of the Trust Agreements. Though this page is not in the record, the arbitrator's decision found that the CBA and Trust Agreements provided for the recovery of "fringe contributions, dues, PAC

6

between the Funds and an employer involving payroll audits and/or claims for delinquent contributions that are referred to arbitration pursuant to the Trust Agreement. (Savci Decl. Ex. 3 at 2)

Petitioners have demonstrated that they complied with their obligations under the CBA, Trust Agreements, and Arbitration Rules, sending defendants notice of the deficiencies claimed, an audit detailing the amounts due, and a demand for payment. (Savci Decl. Ex. 7) Petitioners further sent ESHGH notice of their intent to arbitrate, and the arbitrator subsequently provided ESHGH with notice of the hearing date. The arbitrator's decision found delinquencies in the amount of contributions to the Funds, union dues, and PAC contributions due during the period of February 20, 2009 through December 29, 2009. (Savci Decl. Ex. 6 at 3) The decision further found all amounts claimed by petitioners to be supported by the CBA and Trust Agreements. Id. at 4-5. The arbitrator based his decision on witness testimony and related documentary evidence supporting the amount of the award. Id. In short, the arbitrator provided more than the "barely colorable justification" required to support the outcome of the arbitration. D.H. Blair & Co., 462 F.3d at 110.

Petitioners have met their burden of proving that no genuine issue of material fact exists. Accordingly, the Court confirms the arbitration award of $78,580.67 plus interest accruing at the statutory rate from the date of the September 1, 2012 award.

---

contributions, interest, liquidated damages, legal, audit and arbitration costs and fees . . . ." See Savci Decl., Ex. 6 at 4-5.

7

CONCLUSION

For the foregoing reasons, respondent's motion to confirm arbitration (Dkt. No. 5) is GRANTED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 20, 2013